LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 NOV         2: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

CALVO ENTERPRISES, INC. AND YIGO PLAZA INC.,

           Plaintiffs,

vs.

PETER FELIX PEREZ, DOROTHY PEREZ WILLIAMS, ANNIE PEREZ CRUZ, JOSE C. AND LYDIA P. LIZAMA TRUST DATED NOVMEBER 11, 2011, RICHARD VICTOR PEREZ, ROBERT JAMES PEREZ, NORA LYNNE PEREZ AKA NORA PEREZ GARCES, LIZA VIRGINIA BAUTISTA AKA LISA P. BAUTISTA, TIMOTHY JOHN PEREZ, AND RVP ENTERPRISES,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV711-12

DECISION AND ORDER

DEFENDANT PETER FELIX PEREZ'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO AMEND ORDER TO INTERPLEAD FUNDS

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 27, 2013 on Defendant Peter Felix Perez's Motion for Summary Judgment and Motion to Amend Order to Interplead Funds. Attorney Joyce C.H. Tang represented Defendant Peter Felix Perez. Calvo Enterprises, Inc. and Yigo Plaza Inc. ("Plaintiffs") was represented by Genevieve P. Rapadas. Attorney Jon A. Visosky represented Defendant Annie Perez Cruz. Attorney Cynthia V. Ecube represented Defendant Dorothy Perez Williams. Following the hearing, the Court took the matters under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order **DENYING** Defendant Peter Felix Perez's Motion for Summary Judgment and **GRANTING** his Motion to Amend Order to Interplead Funds.

Page 1
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

ORIGINAL



## BACKGROUND

Plaintiffs are the Lessee under a Ground Lease dated June 4, 1987 recorded at the Department of Land Management, Government of Guam on June 8, 1987 as Instrument No. 385952. The Lease was originally between the Estate of Joaquin D. Perez and Virginia D. Perez and Unity Q. Corp., which assigned its interest as tenant to Plaintiffs in 1992 pursuant to that certain Assignment of Lease dated January 2, 1992 and recorded at the Department of Land Management, Government of Guam on January 2, 1992 as Instrument No. 465459. The Estate of Joaquin D. Perez was distributed to his wife Virginia Perez, who became the sole owner of the property and the sole Landlord under the Lease. Virginia Perez later died and a Final Decree Settling the Estate of Virginia P. Perez in Superior Court of Guam Probate Case No. PR00015-94, distributed her estate to her children and grandchildren in 1995.

The Final Decree distributed the Estate of Virginia P. Perez's to her heirs with respect to rental income of the Lease as follows:

a. Peter Felix Perez – 40% rental share income

b. Dorothy Perez Williams –15% rental share income

c. Annie Perez Cruz –15% rental share income

d. Lydia Perez Lizama –15% rental share income

e. Richard Victor Perez, Robert James Perez, Nora Lynne Perez aka Nora Perez Garces, Liza Virginia Perez Bautista and Timothy John Perez –15% rental income divided.

The Final Decree further provided that the above-described allocation of rent "shall continue only for the life of said lease and shall cease upon said lease's termination or expiration, whichever occurs first."

Page 2
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

The Lease grants Plaintiffs an option to renew for two (2) additional terms of twenty-five (25) years each, with rent for the extended terms subject to reasonable negotiation prior to the signing of each option. Prior to May 31, 2012, expiry date in the original Lease, Plaintiffs exercised its right to renew. However, Defendant Peter Felix Perez maintains his position that he gains full title to the Property on May 31, 2012, the date of the expiration of the initial term of the Lease. Dorothy Perez Williams also maintains that position, that her brother Peter Felix Perez will gain full title to the Property on May 31, 2012, however, the other siblings/co-defendants have a different opinion. Thus, Plaintiffs filed a Complaint in Interpleader on June 1, 2012. On June 14, 2012, Plaintiffs filed an Amended Complaint in Interpleader seeking, *inter alia,* to deposit with the Clerk of Court the monthly rent Yigo Plaza Inc. ("YPI") owes the Defendants for the Plaintiffs' continued use as Lessees, of Lot No. 7024-1-NEW-4, Yigo, Guam, which is currently occupied by Payless Supermarkets in Yigo.

Defendant Peter Felix Perez filed a Motion for Summary Judgment and a Motion to Amend Order to Interplead Funds on July 9, 2013. The Court heard oral arguments on the motions on August 27, 2013 and now issues its Decision and Order.

## DISCUSSION

### I. Motion for Summary Judgment

Defendant Peter Felix Perez moves this Court for an Order granting Summary Judgment with respect to his request for declaratory judgment, and dismissal of the following claims: (1) breach of contract, (2) breach of Implied Covenant of Good faith Dealing, (3) Intentional Interference with Lawful Business, and Declaratory relief against Mr. Perez raised by the Crossclaimants. Def. Peter F. Perez's Mot. Summ. J. at 2 (Jul. 9, 2013). Defendant Peter Felix Perez contends that "[b]y the terms of the Decree, the fee simple interest in the Property was

Page 3
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

distributed to [him]." Id. at 5. He further argues that "[i]t is undisputed that [he] is the current owner of the fee interest in the Property." Id. Moreover, Defendant Peter Felix Perez argues that the option to extend the Ground Lease was not exercised by YPI. "As a consequence of the expiration of the Ground Lease, the Cross claimants have no right to rents arising from any leases regarding the Property, therefore, the Cross-Claims should be dismissed." Def.'s Reply to Annie Perez Cruz Defednants' Opp'n to Def. Peter F. Perez's Mot. Summ. J. at 10 (Aug. 23, 2013).

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof. See GRCP 56(b). Summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c); Hemlani v. Flaherty, 2003 Guam 17, ¶ 7 (quoting Guam R. Civ. P. 56(c)); See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 106. Summary judgment is only appropriate if, under the governing law, there can be but one reasonable conclusion as to the verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

The moving party satisfies and discharges its burden by establishing that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson, 477 U.S. at 258. If the moving party establishes a lack of genuine

Page 4
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

issue of material fact, the non-moving party must present specific facts showing there is a genuine issue for trial. Celotex, 447 at 325.

The instant suit was filed in Court as a Complaint in Interpleader. Guam law reads as follows relative to Interpleader:

> A defendant, against whom an action is pending upon a contract or for specific personal property, may at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, upon his depositing in court the amount claimed on the contract, or delivering the property or its value to such person as the court may direct; and the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another.

7 GCA § 12114 (2005).

"The purpose of interpleader is to prevent a multiplicity of suits and double vexation." GHURA v. Pac. Superior Enterprises Corp., 2001 Guam 8 ¶ 17(citing City of Morgan Hill v. Brown, 71 Cal. App. 4th 1114, 1122, 84 Cal. Rptr. 2d 361, 365 (Ct. App. 1999)(citations omitted)). "The right to the remedy by interpleader is founded, however, not on the consideration that a person may be subjected to double liability, but on the fact that he is threated with double vexation in respect to one liability." Id. at 1122, 84 Cal. Rptr. 2d at 365-66. "Interpleader is proper if the claims relate to the same thing, debt, or duty held by the stakeholder." Id. at 1123, 84 Cal. Rptr. 2d at 366.

Page 5
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

Co-Defendant and Cross Claimant Annie Perez Cruz argues that the Final Decree did not specify which of Virginia P Perez's heirs have the right to enforce the Ground Lease. See Annie P. Cruz Def's. Opp'n. Mot. Summ. J. at 4 (Aug. 6, 2013). She also argues that she along with the other crossclaimants/co-defendants have third party beneficiary rights under the Ground Lease pursuant to Virginia P. Perez's Will and Final Decree. Id. There is also a disputable issue whether Peter waived his right to object to the exercise of the options. Annie Perez Cruz contends that Peter was aware of the assignment of the Ground Lease to YPI prior to the expiration of the Ground Lease, but did not object to the manner in which the options were exercised at the time they exercised.

"There is a genuine issue of material fact, if there is "sufficient evidence" which establishes a factual dispute requiring resolution by a fact-finder." Guam Pacific Enterprise, Inc. v. Guam Poresia Corp., 2007 Guam 22, ¶ 8 (quoting Iizuka Corp. v. Kawasho Int'l (Guam), Inc., 1997 Guam 10, ¶ 7 (citing T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987)). The dispute must involve a material fact, which is a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Id. (quoting T.W. Elec. Serv., 809 F.2d at 630). It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting that claimed factual dispute be shown to require a jury to resolve the parties' differing versions of the truth at trial. First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-289 (1968). When rendering a decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the

Page 6
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

non-moving party. <u>Bank of Guam v. Flores</u>, 2004 Guam 25, ¶ 7; <u>See</u> <u>Iizuka</u>, 1997 Guam 10 at ¶ 21.

In review of the Complaint and the respective positions of the parties, the Court finds at this time that disputable issues of material fact are apparent. For the reasons cited above, the Court **DENIES** Defendant Peter Felix Perez's Motion for Summary Judgment.

## II. Motion to Amend Order to Interplead Funds

Defendant Peter Felix Perez also moves the Court for an order amending the Stipulation and Order Re: Deposited Funds and Future Payments filed with the Court on June 9, 2012. Pursuant to the Stipulated Order, the $10,500 monthly rental payment YPI has been paying is being distributed to the parties during the pendency of the instant action as follows: (1) 40% to Peter F. Perez and (2) 60% to the remaining Perez siblings. Defendant Peter F. Perez requests that the Court allow the Plaintiffs to continue to interplead the Disputed Portion of 60%, and to distribute the Undisputed Portion of 40% to him. "If there is no dispute regarding the 40% rents due Peter F. Perez, then the interpleading of the Undisputed Portion would not be appropriate." <u>Def. Peter F. Perez's Mot. to Amend Order to Interplead Funds</u> at 5 (Jul.9, 2013).

Annie Perez Cruz filed her opposition to this motion on August 6, 2013. She argues that all the rent is disputed, since the amount Peter claims as his share of the rents is disputed. "If the $10,500 monthly rent is disputed, then Peter's share of it is necessarily disputed, by Peter (and the Annie Perez Cruz Defendants)." <u>Annie Perez Cruz Defs.' Opp'n</u> at 4 (Aug. 6, 2013).

Guam R. Civ. P. 60 (b)(6) provides that "On motion and just terms, the court may relieve party of its legal representative from a final judgment, order, or proceeding for the following reasons:…(6) any other reason justifying relief from the operation of the judgment." Defendant Peter Felix Perez contends that because the parties failed to settle the matter in

Page 7
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds

mediation is justification to amend the Stipulated Order to stop the distribution of the Disputed Rents to the Perez siblings.

The Court having considered the matter on file herein and deeming itself fully advised, does hereby **GRANT** in part, Defendant Peter F. Perez's Motion to Amend Order to Interplead Funds. The Court also Orders that Defendant Peter Felix Perez's share of 40% be interpled on the basis that he disputed the $10,500 rental amount. Accordingly, the current $10,500 rental amount will be deposited to the Court until there is resolution on this matter in accordance with 7 GCA § 12114.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant Peter Felix Perez's Motion for Summary Judgment and **GRANTS** in part his Motion to Amend Order to Interplead Funds consistent with the Order herein.

**SO ORDERED** this _____ day of NOVEMBER, 2013.



HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

NOV 2 1 2013

Rennae D. Quintaniano
Deputy Clerk, Superior Court of Guam

Page 8
CV711-12: Calvo's Ent. Inc. & YPI v. Peter F. Perez et al.
Def. Peter F. Perez's Mot. for Summ J. & Mot. to Amend Order to Interplead Funds